UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TERRY BAZEMORE

                          Plaintiff,        **12CV**

      -against-                       **"ECF CASE"**

                                      **COMPLAINT**
THE CITY OF NEW YORK, a municipal entity,    **AND DEMAND FOR**
BRONX COUNTY DISTRICT ATTORNEY'S OFFICE,  **JURY TRIAL**
ASSISTANT DISTRICT ATTORNEY TROY A. SMITH,
Detective MICHAEL J. DEPAOLIS (Shield No. 5607)
individually and in his official capacity as New York
City Police Officer, and "JOHN DOES," unidentified
police officers employed by the New York City Police
Department, in their official and individual capacities,
                                  Defendants.
----------------------------------------------------------------------X

       Plaintiff **TERRY BAZEMORE**, by his attorney, DANIELLE V. EADDY, complaining of the Defendants, respectfully shows and alleges as follows:

### PRELIMINARY STATEMENT

**ONE**:       This is a civil rights action seeking damages for the malicious prosecution, negligence, negligent retention and hiring, and intentional and/or negligent affliction of emotional distress of the Plaintiff, **TERRY BRAZEMORE,** in violation of the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983.

**TWO**:      On or about April 28, 2005 at approximately 1:00 P.M. at 1485 Grand Concourse, Apt. 1B, Bronx, New York, the Plaintiff **TERRY BAZEMORE** was wrongfully apprehended and removed from his place of residence. Thereafter, the Plaintiff was brought to

1

the 47th Precinct in the Bronx, New York without probable cause to do so and thereafter placed under arrest on the same date. Said arrest stemmed from an incident that occurred inside of 1611 Hammersley Street, Bronx, New York on November 16, 2004, at approximately 10:02 P.M. Said New York City Police Officers are agents and employees of the City of New York. The Plaintiff's plight began at the aforesaid day and location when he was seized by Defendants' New York City police officers and/or detectives and/or sergeants, who falsely arrested, unlawfully detained, unlawfully confined, unlawfully searched, seized and otherwise harmed Plaintiff without just cause. Plaintiff was detained form the time of his arrest on April 28, 2005 until July 1, 2009 when **TERRY BAZEMORE** was acquitted of the crimes of Murder in the Second Degree (2 counts) Manslaughter in the First Degree and Burglary in the First Degree (2 counts). Plaintiff was falsely charged with said crimes and compelled to make numerous appearances in Bronx County Supreme court until his acquittal on July 1, 2009. The Defendants caused the aforementioned charges to be filed with full knowledge that said charges were false and with full knowledge of Plaintiff's innocence. Defendants brought said charges without a legal basis to do so and without probable cause. As a result of the foregoing, Plaintiff was seriously and permanently damaged, suffered mental anguish as well as other psychological and physical injuries, shame, humiliation, indignity, and damage to reputation and credit.

    **THREE:**     The Plaintiff **TERRY BAZEMORE** was subsequently charged and prosecuted for crimes which he did not commit and which the prosecuting authority had reason to know were false.

    **FOUR:**     As a result of said malicious prosecution, negligence, and negligent retention and hiring, Plaintiff was seriously and permanently damaged.

    **FIVE:**     Plaintiff seeks monetary damages, both compensatory and punitive, as

well as injunctive and declaratory relief in order to assure that the Plaintiff secures full and complete relief and justice for the violations of his rights under the law, costs, attorney's fees and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

**SIX:** This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §§ 1983, 42 U.S.C. §§ 1985, 42 U.S.C. §§ 1988.

**SEVEN:** The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367, and the doctrine of pendent jurisdiction.

**EIGHT**: The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. §1391 (b).

## THE PARTIES

**NINE:** The Plaintiff is a citizen of the United States of America residing in the State of New York and the Bronx County. The Plaintiff **TERRY BAZEMORE** is a thirty-six year old African-American male.

**TEN:** Defendant City of New York (hereinafter "the City",) is a municipal entity, which was created under the existing laws and Constitution of the State of New York. The Defendant City of New York is authorized and charged with maintaining a police department for the express purpose of protecting the welfare of those individuals who reside therein. Further, the defendant City was and continues to be responsible for the policy, practice,

3

supervision, implementation and conduct of all matters within the New York City Police Department (hereinafter "NYPD") including but not limited to the training, supervision, and conduct of all NYPD personnel. The City is charged with ensuring that the NYPD personnel follow and carry out the laws of the United States and the State of New York.

**ELEVEN:** Upon information and belief, at all times relevant to this complaint, the individual Defendant, New York City Detective **MICHAEL J. DEPAOLIS**, Shield No. 5607, assigned to the 47th Precinct Detective Squad in the Bronx, was and still is a New York City Detective employed by the Defendant **CITY OF NEW YORK**.

**TWELVE**: Upon information and belief, at all time relevant to this complaint, the individual Defendants New York City Police Officers, **"John Does,"** (hereinafter Police Officers "John Does") were and still are New York City Police Officers employed by the Defendant City of New York

**THIRTEEN**: That at all times hereinafter mentioned, TROY A. SMITH, was and is the Assistant District Attorney of the Bronx County District Attorney's Office which was and still is a municipal corporation duly organized and existing under the laws of the State of New York.

## JURY DEMAND

**FOURTEEN:** Plaintiff demands a trial by jury in this action.

## FACTUAL ALLEGATIONS

**FIFTEEN:** On or about April 28, 2005 at approximately 1:00pm at 1485 Grand Concourse Apt. 1B, Bronx, New York, the Plaintiff **TERRY BAZEMORE** was inside of his

4

home when the Officer Defendants executed a search warrant for said location. At the time of said execution, the Officer Defendants found neither the subject of said warrant, an African-American male believed to be the brother of the Plaintiff **TERRY BAZEMORE**, nor any contraband.

**SIXTEEN**: Upon the forced entry of the Officer Defendants into the home of the Plaintiff, the Plaintiff was questioned about the whereabouts of a person of interest to the police and subjected to foul language. The Plaintiff **TERRY BAZEMORE** was then punched in the stomach by one such Officer Defendant. After said punch, one of the Officer Defendants jumped on top of the Plaintiff. Four to five of the Officer Defendants then forced the Plaintiff **TERRY BAZEMORE** onto the floor. The Defendant Officers then proceeded to handcuff the Plaintiff, and forced him onto the couch in the living room of Plaintiff's apartment.

**SEVENTEEN:** The Plaintiff **TERRY BAZEMORE** was then detained on his living room couch for approximately twenty minutes, while Defendant Officers searched the kitchen, Plaintiff's bedroom, and Plaintiff's mother's bedroom. After their fruitless search, one such Officer Defendant further questioned Plaintiff about the location of suspected guns in the house. In addition, at the time of the initial search no contraband was found.

**EIGHTEEN**: The Plaintiff **TERRY BAZEMORE** was then brought to the 47th precinct in handcuffs where the Defendant Officer DEPAOLIS further questioned him. Said questioning was conducted prior to giving the Plaintiff Miranda warnings. During the course of said questioning, the Plaintiff was threatened, wrongfully coerced and told that if he did not cooperate, his mother would be arrested for harboring a criminal. After said undue pressure, and without being given his Miranda warnings, the Plaintiff was forced to make a statement implicating himself in the aforementioned homicide that took place on November 16, 2004.

Said statement was the only evidence linking the defendant to being inside of the location here the shooting occurred besides the uncorroborated statements of alleged co-defendants.

**NINETEEN**: Not having found the subject of the warrant or any illegal contraband, and after having improperly and wrongfully having been coerced into making a false statement implicating himself, the Plaintiff, was thereafter wrongfully and maliciously arrested and charged with Murder in the Second Degree, Manslaughter in the First Degree, and Burglary in the First Degree.   Said charges were brought against the Plaintiff in the absence of any direct or circumstantial evidence other than the statement of an alleged co-conspirator.   Further, said charges were brought in the absence of any identification or forensic evidence connecting the Plaintiff to the crimes charged.   Upon information and belief, Defendant Assistant District Attorney Troy Smith became involved in this case prior to the arrest of the Plaintiff.   Upon information and belief, Defendant Assistant District Attorney Troy Smith maintained and continued the prosecution of the Plaintiff knowing of the Plaintiff's innocence.

Specifically, it was revealed at the trials and hearings of the alleged co-conspirators of the Plaintiff that false statements had been made by the co-conspirators implicating the Plaintiff. Defendant Smith knew and was well aware of the false statements made by the co-conspirators which were the basis for the arrest of the Plaintiff for Murder. Upon information and belief, the Defendant Smith was part and parcel of the illegally obtained statements made by the Plaintiff and his alleged co-conspirators.  As such, upon information and belief, the Defendant Smith knew that the Plaintiff was not present at the time of this crime.  Upon information and belief, the Defendant Smith was motivated by the high publicity nature of this crime to wrongfully prosecute the Plaintiff. Further, upon information and belief, the Defendant Smith was aware at the time of the Indictment of the Plaintiff that the eyewitness in the case never alleged that

second male alleged to have been present did anything other than stand behind the shooter. Said information was never presented to the Grand Jury that indicted the Plaintiff with respect to the instant matter. Upon information and belief, the Defendant Troy knew that the Plaintiff was innocent of the crimes charged herein but led an investigation that sought to wrongfully arrest and then later convict the Plaintiff of said crimes.

**TWENTY**: The Plaintiff was subsequently arraigned on the charges and held in custody until his acquittal on July 1, 2009. However, as a direct result of the wrongful actions of the Defendants herein, the Plaintiff **TERRY BAZEMORE** was required to make Court appearances in this case for nearly four years, during which time he suffered economic loss in that he was not able to secure employment or make a living during the time period of his incarceration.

**TWENTY-ONE**: In addition, as a direct result of the charges brought against him, the Plaintiff **TERRY BAZEMORE**, lost many of the contacts that the Plaintiff had in place at the time of his incarceration. Further, said contacts were no longer available or willing to work with him subsequent to his incarceration, resulting in shame and embarrassment to him both professionally and personally.

**TWENTY-TWO**: The Defendants herein continued to maliciously prosecute this case against Plaintiff **TERRY BAZEMORE**, with full knowledge of Plaintiff's innocence and that said charges were false. Thereafter, after nearly four years of having to appear in Court to answer the false charges lodged against him, **TERRY BAZEMORE** received an acquittal on July 1, 2009.

**TWENTY-THREE**: As a result of Plaintiff **TERRY BAZEMORE**'s wrongful arrest, detention, and malicious prosecution, Plaintiff has been seriously and permanently

injured. Plaintiff suffered from mental anguish as well as other psychological injuries, shame, humiliation, indignity, and damage to his reputation and credit. Plaintiff continues to suffer from post-traumatic stress, depression, sleep deprivation and mental anguish.

**TWENTY-FOUR**: The actions and conduct of these New York City Police Officers though unlawful, were taken in the course of their duties, functions and roles as police officers and were incidental to the otherwise lawful performance of their duties and functions as New York City police officers and as agents and employees of the City of New York.

**TWENTY-FIVE**: The actions and conduct of the New York City police officers herein were as a direct result of the long-standing and on-going actions, conduct, policies, practices and customs of the Defendant City of New York. Such actions, conduct, policies, practices and customs have resulted in a culture and attitude as well as philosophy by both New York City police officers and the City of New York that the ends justifies the means. The existence of said customs and practices has been well documented through numerous civil rights actions filed against the City of New York.

**TWENTY-SIX:** The policy and practice of the Defendant City of New York and the New York City Police Department includes arresting innocent persons in order to meet stated "productivity quotas" as stated by Deputy Commissioner Paul J. Browne on or about January 20, 2006 through several media outlets. Said policy encourages New York City police officers to seek out and target certain individuals for arrests where no probable cause for arrest exists in order to generate arrest statistics. As such, police officers wrongfully and unlawfully deprive individuals of their civil rights by subjecting said individuals to unlawful and unjustified detentions.

**TWENTY-SEVEN:** The actions of the Bronx County District Attorney's Office and

Defendant Assistant District Attorney Smith were as a direct result of the long-standing and on-going actions, conduct, policies, practices and customs of the Defendant City of New York as well as inadequate training within the office of the Bronx County District Attorney's Office.

**TWENTY-EIGHT:** Continued wrongful and unlawful behavior by members of the New York City Police Department including but not limited to illegal stops and illegal searches and seizure without probable cause are well known to the City of New York and routinely ignored and tolerated by the City of New York despite censure and notice from such agencies as the Civilian Complaint Review Board. As a result, it has become the custom, policy and practice of the New York City Police Department under color of the City of New York, to engage in these illegal practices. Said conduct has been corroborated by reports filed indicating that a disproportionate amount of black men are routinely stopped and frisked by members of the New York City Police Department. Said conduct has also been corroborated by the documented convictions of New York City Police Officers whom have admitted to falsifying evidence and planting evidence on the people that they arrest.

**TWENTY-NINE**:   These policies and practices disproportionately impact African-Americans and other persons of color whom because of their race and/or color are singled out and profiled for illegal stops, detentions and arrests.

**THIRTY:**   The actions, conduct, policies, practices and customs described herein violated the Plaintiff's rights as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

**THIRTY-ONE:**   The actions, conduct, policies, practices and customs described herein violated the Plaintiff's rights as guaranteed under the laws and constitution of the State of New York including but not limited to the right to be free from unreasonable and unjustified

stops and detention, unlawful arrest, and malicious prosecution.

**THIRTY-TWO**: These actions, conduct, policies and practices were the proximate cause of the injuries and damages suffered by the Plaintiff. But for the gross negligence, incompetence and/or maliciousness of the Defendants individually or vicariously by and through their agents, servants and/or employees, the Plaintiff, **TERRY BAZEMORE** would not have endured this on-going nightmare.

**THIRTY-THREE:** As a direct and proximate result of their unlawful detention, search, arrest, and malicious prosecution, Plaintiff has been irreparably harmed and damaged. Specifically, Plaintiff has suffered injuries and damages including but not limited to loss of physical liberty and freedom, pain and suffering, intentional and/or negligent infliction of emotional distress, harm, shame, humiliation, fear, anxiety, indignity, damage to reputation and credit as well as psychological pain and trauma and mental anguish and serious physical injury.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS "42 U.S.C. § 1983"

**THIRTY-FOUR:** That the Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"THIRTY-THREE"** of the complaint with the same force and effect as if fully set forth herein.

**THIRTY-FIVE**: That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees by subjecting the Plaintiff **TERRY BAZEMORE** to malicious prosecution, deprived the Plaintiff of rights, privileges, and immunities guaranteed to every citizen of the United States in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

10

**THIRTY-SIX:** That the Defendants individually or vicariously by and through their agents, servants and/or employees subjected Plaintiff **TERRY BAZEMORE** to racially and/or national origin discriminatory treatment in violation of the Plaintiff's rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

**THIRTY-SEVEN:** That the Defendants individually or vicariously by and through their agents, servants and/or employees acted in their individual and official capacities and within the scope of their respective employments as members of the New York City Police Department and acted under pretense and color of state law. That said acts were beyond the scope of their jurisdiction, without authority of law, and an abuse of their powers. Further, the Defendants individually or vicariously by and through their agents, servants and/or employees conspired with one another and acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

**THRITY-EIGHT:** As a direct and proximate result of the actions of the Defendants individually or vicariously by and through their agents, servants and/or employees detailed above, the Plaintiff **TERRY BAZEMORE** suffered the damages alleged herein.

### AS AND FOR A SECOND CAUSE OF ACTION
### "Malicious Prosecution"

**THIRTY-NINE**: That the Plaintiff **TERRY BAZEMORE** repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"THIRTY-EIGHT"** of the complaint with the same force and effect as if fully set forth herein.

11

**FORTY:** That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees caused a false accusatory instrument to be filed against the Plaintiff, **TERRY BAZEMORE**.

**FORTY-ONE:** That the criminal instrument was dismissed and the criminal proceedings favorably terminated in that the Plaintiff was acquitted of all charges lodged against him.

**FORTY-TWO**: That the Defendants individually or vicariously by and through their agents, servants and/or employees intended to deprive the Plaintiff **TERRY BAZEMORE** of his constitutional rights under 42 U.S.C. §§ 1983 and 1985 and Article 1, § 12 of the New York State Constitution, and New York State common law.

**FORTY-THREE**: That the Defendants individually or vicariously by and through their agents, servants and/or employees acted knowingly, maliciously, willfully, unreasonably, and/or were grossly reckless in their flagrant disregard for the Plaintiff **TERRY BAZEMORE**'s rights, privileges, welfare and well-being.

**FORTY-FOUR:** That the Defendants, their officers, agents, servants, and employees were responsible for the malicious prosecution of the Plaintiff **TERRY BAZEMORE**. That the Defendant City of New York, is responsible for the actions and conduct at the Bronx County District Attorney's Office as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

**FORTY-FIVE:** As a direct and proximate result of the misconduct and abuse of authority detailed above, the Plaintiff suffered the damages alleged herein.

## AS AND FOR A THIRD CAUSE OF ACTION
## AGAINST ALL DEFENDANTS

### **"Negligence"**

**FORTY-SIX**: That the Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"FORTY-FIVE"** of the complaint with the same force and effect as if fully set forth herein.

**FORTY-SEVEN**: That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees constitute negligence with respect to the Plaintiff in that the individual defendants owed a duty of care to the Plaintiff.

**FORTY-EIGHT:** That the Defendants individually or vicariously by and through their agents, servants and/or employees breached that duty of care by causing Plaintiff **TERRY BAZEMORE** to be subjected to malicious prosecution.

**FORTY-NINE**: Said injury occurred to the Plaintiff without any fault or provocation on the part of the Plaintiff.

**FIFTY**: That the Defendants, their officers, agents, servants, and/or employees were responsible for the wrongful prosecution of the Plaintiff **TERRY BAZEMORE**.

**FIFTY-ONE**: That the Defendants individually or vicariously by and through their agents, servants and/or employees intended to deprive the Plaintiff, **TERRY BAZEMORE**, of his constitutional rights under 42 U.S.C. §§ 1983 and 1985 and Article 1, § 12 of the New York State Constitution, and New York State common law.

**FIFTY-TWO**: That the Defendants, their officers, agents, servants, and employees were responsible for the negligence towards the Plaintiff. That the Defendant City of New York is responsible for the actions and conduct of the Officer Defendants, as employees and agents of the City of New York, pursuant to the doctrine of <u>respondeat superior.</u>

**FIFTY-THREE**: That as a direct and proximate result of the unlawful conduct of

the Defendants individually or vicariously by and through their agents, servants and/or employees described herein, the Plaintiff suffered damages as alleged herein.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT CITY OF NEW YORK "Negligent Hiring and Retention of Employment Services"

**FIFTY-FOUR:** That the Plaintiff repeat and re-allege the allegations contained in paragraphs **"FIRST"** through "**FIFTY-THREE**" of the complaint with the same force and effect as if fully set forth herein.

**FIFTY-FIVE:** That as the employer of the Defendant Officers and the Bronx County District Attorney's Office, the Defendant City of New York owed a duty of care to the Plaintiff to be free of violations of his statutory and constitutional rights at the hands of one of it's officers, employees, agents, or servants.

**FIFTY-SIX**: That the Defendant City of New York owed a duty of care to the Plaintiff because a reasonable, prudent and careful person should have been able to anticipate that the injury that occurred to the Plaintiff herein or to others in a similar situation would be the likely result of the conduct described herein.

**FIFTY-SEVEN**: That upon information and belief, the Officer Defendants were unfit and incompetent for their positions and that the employees of the Bronx County District Attorney's Office were inadequately trained.

**FIFTY-EIGHT:** That the actions, conduct, policies, practices and customs of the Defendant City of New York were negligent and otherwise violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of

1871, 42 U.S.C. § 1983 and Article 1, § 12 of the New York State Constitution, and New York State common law.

**FIFTY-NINE:** That upon information and belief, the Defendant City's negligence in screening, hiring, training, disciplining and retaining the Officer Defendants as well as the employees of the Bronx County District Attorney's Office handling the cases giving rise to this action was the proximate cause of the injuries to the Plaintiff.

**SIXTY:** That upon information and belief, as a direct result of the Defendant City's negligent hiring and retention of the Officer Defendants as well as the employees of the prosecuting authority handling the criminal cases giving rise to this action, the Plaintiff herein sustained serious, permanent, significant, and lasting physical and mental injury as well as loss of liberty.

### AS AND FOR A FIFTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### "Emotional Distress"

**SIXTY-ONE**: That the Plaintiff repeats and re-alleges the allegations contained in paragraphs **"FIRST"** through **"SIXTY"** of the complaint with the same force and effect as if fully set forth herein.

**SIXTY-TWO:** That the aforesaid actions of the Defendants individually or vicariously by and through their agents, servants and/or employees constitute intentional and/or negligent infliction of emotional distress on the Plaintiff and as a result of the conduct alleged herein, Plaintiff sustained serious emotional injuries.

**SIXTY-THREE**: That the Defendants individually or vicariously by and through their agents, servants and/or employees intended to deprive the Plaintiff **TERRY BAZEMORE**

15

of his constitutional rights under 42 U.S.C. §§ 1983 and 1985 and Article 1, § 12 of the New York State Constitution, and New York State common law.

**SIXTY-FOUR**: That the Defendants, their officers, agents, servants, and employees were responsible for the malicious prosecution of the Plaintiff **TERRY BAZEMORE** which resulted in extreme emotional distress to the Plaintiff. That the Defendant City of New York is responsible for the actions and conduct of the Officer Defendants, as employees and agents of the City of New York, pursuant to the doctrine of respondeat superior.

**SIXTY-FIVE**: That as the proximate result of the aforesaid acts and omissions by the Defendants individually or vicariously by and through their agents, servants and/or employees the Plaintiff have sustained the damages alleged herein including but not limited to severe and extreme emotional distress.

**WHEREFORE**, Plaintiff respectfully request judgment against the Defendants as follows:

1. An order awarding compensatory and other damages against the individual defendants to Plaintiff, **TERRY BAZEMORE**, in an amount to be determined at trial;

2. An order awarding punitive damages against the individual defendants to Plaintiff, **TERRY BAZEMORE** in an amount to be determined at trial;

3. An award of declaratory and injunctive relief as to this Court may seem just and proper;

4. An Award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and 42 U.S.C. § 1997 (e)(d) and

5. Such other and further relief as this Court may deem just and proper.

Dated: June 27, 2012
      Brooklyn, New York                               //DVE//

                                                            _____
                                                            Law Offices of Danielle V. Eaddy, LLC
                                                            **DANIELLE V. EADDY, ESQ. [DE-1592]**
                                                            26 Court Street, Suite 312
                                                            Brooklyn, NY 11242
                                                            (718) 246-2500